## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BLUEFIELD

**KRISTI MILLER,**

**Plaintiff,**

**vs.**

**S-D-R TRUCKING, INCORPORATED,**

**Defendant.**

CIVIL ACTION NO. 1:19-cv-00785

HONORABLE _____

### COMPLAINT

NOW COMES the Plaintiff, Kristi Miller, by and through counsel, Farmer, Cline & Campbell, PLLC, and hereby states the following for her Complaint:

1.      Plaintiff, Kristi Miller (hereinafter referred to as "Plaintiff Miller"), is a resident of Mercer County, West Virginia.

2.      Defendant S-D-R Trucking, Incorporated (hereafter referred to as "SDR Trucking"), is, upon information and belief, a North Carolina Corporation having a principle office address of 4585 Watkins Road, Oxford, North Carolina 27565.

3.      SDR Trucking is an interstate motor carrier incorporated in a state other than West Virginia with its principal place of business in the State of North Carolina.

4.      SDR Trucking is registered with the U.S. Department of Transportation under U.S. D.O.T. No. 1321103.

5.      Pursuant to 28 *U.S.C.* § 1332, this Court has jurisdiction over the parties and claims asserted in this action as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

6.      Pursuant to 28 *U.S.C.* § 1391, the United States District Court for the Southern District of West Virginia, Bluefield Division, is an appropriate venue for this action as the motor vehicle collision that forms the basis for this civil action and the cause of action arose in Mercer County, West Virginia.

7.      SDR Trucking is subject to the jurisdiction and venue of this Court.

## General Facts

8.      On the morning of October 11, 2018, Kenneth A. Hodges (hereafter referred to as "Hodges") was operating a 2018 Kenworth Tractor that was pulling a 2013 Great Dane semi-trailer traveling northbound on U.S. Interstate 77 (hereafter "I-77").

9.      On October 11, 2018, Hodges held a Commercial Driver's License (hereafter "CDL") issued by the State of North Carolina.

10.     It had rained on the morning of October 11, 2018 and the road surface of I-77 was wet.

11.     The rain and water on the roadway adversely affected traction.

12.     As Hodges approached mile marker 21, he passed another tractor-trailer that was also traveling northbound.

13.     Hodges was, at all times relevant to this Complaint, traveling too fast for road conditions.

14.     As a direct and proximate result of his speed and wet road conditions, Hodges lost control of the tractor-trailer.

15.     Hodges left the northbound lane, crossed the median, and traveled into southbound traffic on I-77 near mile marker 21.

16.     At that time and place, James Thompson was driving a 1994 Subaru Legacy owned by Brooke Helmandollar traveling southbound on I-77.

17.     Plaintiff Kristi Miller was a backseat passenger in the Subaru Legacy operated by James Thompson.

18.     When the tractor-trailer operated by Hodges traveled into the southbound lanes of I-77, the trailer collided with the Subaru in which Kristi Miller was a passenger.

19.     The tractor-trailer drove the Subaru Legacy through the guardrail and over a hillside where the vehicles came to rest with the Subaru lodged beneath the trailer.

20.     At the time of the collision, Hodges was employed by SDR Trucking as a commercial motor vehicle driver.

21.     At the time of the collision, Hodges was acting as an agent of SDR Trucking.

22.     At the time of the collision, Hodges was a permissive user of the tractor-trailer involved in the collision.

23.     SDR Trucking and Hodges are responsible for causing the collision.

24.     SDR Trucking accepts responsibility for causing the collision.

25.     SDR Trucking accepts responsibility for causing the collision and all damages directly and proximately caused by the collision.

26.     SDR Trucking accepts responsibility for causing the collision and the injuries occurring to Kristi Miller.

### Count I - Negligence and Negligence Per Se of Kenneth Hodges

27.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

28.     At all relevant times, Hodges owed certain duties to members of the public, including the Plaintiff.

29.     In addition to those instances of negligence set forth elsewhere in this Complaint, Hodges was negligent in at least the following specific ways:

a.      Failing to adhere to safe driving principles expected of professional truck drivers with a CDL;

b.      Failing to operate his tractor-trailer in accordance with generally accepted safety principles and practices of the trucking industry;

c.      Failing to operate his tractor-trailer in a safe and prudent manner in view of the conditions that existed at the time of the collision; and

d.      Failing to keep his vehicle under control;

e.      Failing to stay in his designated lane of travel;

f.      Driving his vehicle in reckless disregard for the safety of other people on the road; and

g.      Failing to use that degree of care and caution that a reasonable and prudent person would have exercised under the same or similar circumstances.

30.     At the time of the collision, Hodges was operating a commercial motor vehicle in interstate commerce and was subject to the Federal Motor Carrier Safety Regulations.

31.     At the time of the collision, Hodges was also subject to the laws of the State of West

Virginia governing the operation of interstate commercial motor vehicles on West Virginia's public roadways.

32.     Hodges was negligent *per se* in that he violated Federal Motor Carrier Safety Regulations and various rules of the road as incorporated into the laws and regulations of West Virginia.

33.     Chapter 49, Part 392.14 of the Code of Federal Regulations provides, in pertinent part: "Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by * * * rain * * * adversely affect visibility or traction. Speed shall be reduced when such conditions exist."

34.     Hodges violated 49 C.F.R. § 392.14 by failing to exercise extreme caution and by failing to reduce his speed when the hazardous weather condition existed on the morning of October 11, 2018.

35.     Pursuant to West Virginia law, specifically *West Virginia Code* §§ 17C-6-1, 17C-7-11 and 17C-5-3, Hodges was required to: (i) not drive at a speed greater than that which was reasonable and prudent under the existing conditions and actual and potential hazards; (ii) use due care and maintain control of the tractor-trailer he was operating; (iii) only drive upon a lane on the right side of a highway that has been divided into two roadways; and, (iv) not engage in a willful or wanton disregard for the safety of other persons or property.

36.     Hodges violated the requirements of *West Virginia Code* §§ 17C-6-1, 17C-7-11 and 17C-5-3 by: failing to use due care; exceeding a safe speed under the existing conditions and actual and potential hazards in light of the weather; failing to maintain control of the tractor-trailer that he was operating; and, by willfully, wantonly and recklessly causing the tractor and trailer that he was

operating to jackknife and travel through the median into the opposing lanes of I-77.

37.    Hodges' negligent conduct proximately caused the collision.

38.    As a direct and proximate cause of Hodges' negligent conduct, Plaintiff Miller suffered severe physical injuries and pain and suffering.

### Count II - SDR Trucking's Liability for the Negligence of Hodges

39.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

40.    At the time of the collision, Hodges was acting within the course and scope of his employment or agency with SDR Trucking.

41.    Under the principles of *respondeat superior*, actual agency and apparent agency, SDR Trucking is vicariously liable and legally responsible for the negligent acts and omissions of Hodges.

42.    By virtue of vicarious liability, SDR Trucking is liable to Plaintiff for all damages allowed by law and as set forth herein.

43.    Plaintiff Miller was free from all negligence at all times relevant to this Complaint and did not contribute to her own injuries.

44.    As a direct and proximate result of SDR Trucking and Hodges' negligent, careless and/or reckless conduct and the incident described above, Plaintiff Miller suffered severe and catastrophic injuries to her body, for which she has and will continue to experience and/or incur:

        (a)    medical expenses, past and future;

        (b)    pain and suffering, past and future;

        (c)    physical limitations, past and future;

        (d)    diminished capacity to enjoy life, past and future;

(e)     loss of earning capacity, future;

(f)     annoyance and inconvenience, past and future; and

(g)     other consequences and damages associated with her injuries as may be specified as this action progresses, past and future.

WHEREFORE, Plaintiff, Kristi Miller, hereby requests that she be awarded judgment against Defendant S-D-R Trucking, Incorporated for the following:

(a)     compensatory damages in an amount to be determined by a jury;

(b)     punitive damages, to the extent warranted by the facts and applicable law;

(c)     pre-judgment and post-judgment interest as allowed by law;

(d)     attorneys' fees, costs and expenses incurred in connection with this action; and

(e)     such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**Kristi Miller,**

**Plaintiff,**

**By Counsel:**

/s/ Brian E. Bigelow
ROBERT A. CAMPBELL (W.Va. State Bar No. 6052 )
BRIAN E. BIGELOW (W.Va. State Bar No. 7693)
FARMER, CLINE & CAMPBELL, PLLC
P.O. Box 5559
101 N. Kanawha Street, Suite 101
Beckley, West Virginia 25801
(304) 252-5990